In re JACKIER.

(District Court, M. D. Pennsylvania. May 23, 1910.)

No. 1,642.

1. BANKRUPTCY (§ 288*)—RECOVERY OF GOODS—SUMMARY PROCEEDINGS.

A summary order, directing a third person to surrender goods alleged to belong to the bankrupt, claimed to be in the former's fraudulent custody, could not be made, where the goods could not be followed and sufficiently identified to enable the marshal to take them into his possession.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. BANKRUPTCY (§ 303*)—RECOVERY OF GOODS—ACTION BY TRUSTEE—EVIDENCE.

In a plenary suit by a bankrupt's trustee to recover goods alleged to belong to the bankrupt in the fraudulent custody of a third person, the trustee may recover the value of the goods, even if they cannot be precisely identified.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. § 303.*]

3. BANKRUPTCY (§ 287*)—RECOVERY OF GOODS—CLAIM BY THIRD PERSON—COLOR OF TITLE—REMEDY.

A third person, in possession of goods alleged to belong to the bankrupt, held under claim and color of title, asserting that he had purchased and paid for them, is entitled to retain them until dispossessed in a plenary suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 287.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. BANKRUPTCY (§ 288*)—RECOVERY OF GOODS—CONFUSION OF GOODS—IDEN-
    TIFICATION.

   Where neither specific goods nor goods in large lots of the same kind
   as possessed by the bankrupt could be traced from him to respondent, the
   doctrine of confusion of goods could not be applied, so as to entitle the
   bankrupt's trustee to recover a similar quantity of goods from respondent
   in summary proceedings.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec.
   Dig. § 288.*]

In the matter of David Jackier, bankrupt. On petition by the receiver to compel Adolph Leventhal to deliver goods alleged to belong to the bankrupt. Denied.

Levy & Kaufman, for petitioner.

Abram Salsburg, for bankrupt.

JOHN B. McPHERSON, District Judge (specially assigned). It must be confessed that the very capable and ingenious argument of the receiver's counsel has much to recommend it, and I am not prepared to say that it might not properly carry conviction in a different proceeding. But the difficulty now is that I am asked to make a summary order directing the respondent upon pain of imprisonment to surrender certain goods of which he is said to be holding fraudulent custody, the property still belonging to the bankrupt. It is clear that such an order should not be made, unless the goods can be followed and sufficiently identified to enable the marshal to take them into his possession. The evidence in the present case does not go far enough to meet these requirements, and for this reason the petition must fail. In a plenary suit, where a receiver or a trustee may recover a verdict for the value of goods, even if the goods themselves cannot be precisely identified, a recovery may rest upon proof of a somewhat less definite quality; but in a proceeding like this it is necessary to follow specific articles with reasonable certainty. 1 Remington, Bank. § 1831 et seq. As I have already said, the evidence does not come up to the proper standard. Some articles that had been the bankrupt's within the four months were undoubtedly traced into the respondent's possession, but these he holds under a claim and color of title, asserting that he paid for them and offering evidence in support of his assertion. These, therefore, he is entitled to retain until he is dispossessed by a plenary suit. To other articles, which were in the respondent's possession, but were not identified as having belonged to the bankrupt, it was attempted to apply the doctrine of confusion of goods; and Jewett v. Dringer, 30 N. J. Eq. 291, was cited in support of the position. It was definitely established there that Dringer had fraudulently procured certain goods of the complainant and had intermixed them with his own. The goods thus procured were of different kinds and values, and could not be so distinguished as to enable the property of the respondent to be separated from the property of the complainant. If similar facts appeared here, there would be room to contend that Leventhal must surrender at least so much of the mass as would replace the goods that had been followed into the heap. But

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

179 F.—46

-the evidence breaks down at that point. Neither specific goods, nor goods even in large lots, have been definitely traced from the bankrupt to the respondent; and therefore the doctrine of confusion cannot be applied. Upon the evidence laid before me no order could possibly be framed that would point out to the marshal what goods he should seize, and I mean by that, not only what indubitable goods of the bankrupt he should seize, but also what goods of the same kind as the bankrupt's. In other words, the evidence does not enable the court to decide that the respondent has in his possession, for example, 50 suits of clothing belonging to the bankrupt, whether 50 specified suits can be pointed out or not. At the best, the evidence may point to the conclusion that somehow (in a manner not specified) and somewhere (at a place not specified) the respondent received from the bankrupt some clothing and other articles (in amounts not specified), and continues to hold them improperly.

The rule is discharged, and the restraining order revoked, but without prejudice to the right of the receiver or the trustee to institute hereafter a plenary suit for relief, if he shall be so advised; the petitioner's costs in this proceeding to be paid out of the bankrupt estate.