### In re KRAMER et al.

(District Court, E. D. Pennsylvania. December 22, 1913.)

No. 4,344.

BANKRUPTCY (§ 225*)—ADMINISTRATION OF ESTATE—PROCEEDINGS AGAINST BANKRUPTS—ORDER REQUIRING DELIVERY OF MONEY AND MERCHANDISE—DEFINITENESS.

A referee's order directing the bankrupts to pay to the trustee a definite sum and to deliver merchandise was sufficient in so far as it provided for the payment of money, but was fatally defective as to the merchandise for indefiniteness in failing to describe the goods.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 225.*]

In Bankruptcy. In the matter of bankruptcy proceedings against Harry Kramer and another, individually and trading as Kramer & Muchnick. On certificate of a referee to review an order requiring the

bankrupts to pay money or deliver merchandise to the trustee. Modified and affirmed.

Carr, Beggs & Steinmetz, of Philadelphia, Pa., for trustee.
Furth, Singer & Bortin, of Philadelphia, Pa., for bankrupts.

J. B. McPHERSON, Circuit Judge. The presumption is that the referee performed his duty, and that his report is based upon such testimony only as is competent upon the hearing of a trustee's petition for an order upon a bankrupt to pay money or deliver goods. The report does make some incidental reference to testimony that was not offered upon the particular hearing now under review, but it is not clear that any important finding is based upon it; and in any event I agree that abundant evidence exists that was unquestionably competent, and is amply sufficient to support the referee's conclusions concerning the money. I shall only affirm that part of his order, for in my opinion the part directing the delivery of "merchandise" cannot be upheld. It makes no attempt to point out or describe the articles, even by kind or class, and I do not see how the bankrupts could obey it. In re Jackier (D. C. Pa.) 179 Fed. 720. I do not decide that an order to deliver merchandise must describe the goods minutely, but I merely hold that an order directing the delivery of "merchandise," without more, is not sufficient. The degree of particularity that such an order should exhibit need not be dwelt upon; probably no precise rule can be laid down that would fairly and reasonably meet every situation; all that is now decided is that an order to deliver "merchandise" is too indefinite. But an order that directs the payment of "money" in a definite sum *is* sufficient, and to that extent the order under consideration will be sustained. In re Epstein (D. C. Pa.) 206 Fed. 568.

The trustee agrees that a further allowance should be made from the sum to be paid by the firm; after this is done, and a time is set for payment, the order will read as follows:

And now, December 22, 1913, Harry Kramer and Michael Muchnick, trading as Kramer & Muchnick, are directed to deliver to Alfred T. Steinmetz, trustee of their estate in bankruptcy, the sum of $4,092.-21; and Michael Muchnick individually, one of said bankrupts, is directed to pay over to the trustee the further sum of $16,732.94. Both payments to be made on or before January 2, 1914.

With these modifications, the order of the referee is affirmed.